IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  Criminal Action No. 3:11-cr-274

RONNIE E. LYONS, JR.,

    Petitioner.

## OPINION

Ronnie E. Lyons, Jr., a federal inmate proceeding with counsel, brings this 28 U.S.C. § 2255 motion arguing that *Johnson v. United States*, 135 S. Ct. 2551 (2015), invalidates his conviction under 18 U.S.C. § 924(c) and his designation as a career criminal. (Dk. No. 40.) The government moved to dismiss the § 2255 motion. (Dk. Nos. 44.) As discussed below, the Court will grant the government's motion to dismiss because Lyons' claims lack merit.[1]

## I. BACKGROUND

On December 13, 2011, a grand jury charged Lyons with: two counts of robbery affecting commerce, in violation of 18 U.S.C. §§ 1951(a) and 2 (Counts One and Three); and two counts of possessing a firearm in furtherance of a crime of violence, in violation of §§ 924(c) and 2 (Counts Two and Four). (Dk. No. 14.) The "crime[s] of violence" underlying Counts Two and Four were robbery affecting commerce ("Hobbs Act robbery") as charged in Counts One and Three. Lyons pled guilty to Counts One, Two, and Three. The Court determined that Lyons qualified as a career offender under § 4B1.1 of the United States Sentencing Guidelines based on his prior convictions for unlawful wounding and eluding police. (Dk. No. 25, at ¶ 58 ("PSR")). Lyons says that without a career offender enhancement, his Guidelines range would have been 130 to 162 months on

---

[1] Because the Court will grant the government's motion on other grounds, the Court need not reach the question of timeliness.

Counts One and Three instead of 262 to 327 months.[2] On May 14, 2012, the Court sentenced Lyons to a total of 240 months of imprisonment. (Dk. No. 30.)

Lyons filed a § 2255 motion on June 20, 2016, asking the Court to hold the § 2255 motion in abeyance pending a decision from the Fourth Circuit regarding whether Hobbs Act robbery is a "crime of violence" under § 924(c). The government moved to dismiss, arguing that the relevant statute of limitations barred Lyons' challenge to his § 924(c) conviction. The government also requested that the Court hold Lyons' challenge to his Guidelines sentence in abeyance pending a decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). Lyons responded that he timely filed his motion with respect to his challenge to his § 924(c) conviction. Lyons joined the government in asking the Court to hold his challenge to his career offender designation in abeyance pending a decision in *Beckles*.

On November 8, 2016, the Court held the motions in abeyance pending the Supreme Court's decisions in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and *Beckles*. The government again moved to dismiss the § 2255 motion on March 23, 2017, following the Supreme Court's decision in *Beckles*. Lyons responded by asking the Court to continue to hold the entire § 2255 motion in abeyance pending a decision in *Dimaya*. On June 1, 2017, the Court held the § 2255 motion in abeyance pending a decision in *Dimaya*, which was issued on April 17, 2018.

On July 30, 2018, the Court stayed all motions pending the Fourth Circuit's decision in *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019), which was issued on January 24, 2019. On June 24, 2019, the Supreme Court decided *United States v. Davis*, 139 S. Ct. 2319 (2019). As *Davis* was "the last *Johnson* domino to fall," *Simms*, 914 F.3d at 252, the Court will now decide Lyons' motion.

---

[2] Lyons was also subject to a consecutive 60-month mandatory minimum sentence on Count Two. (PSR ¶ 93.)

## II. ANALYSIS

In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")[3]] violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. The *Johnson* Court found the definition of a "violent felony" in the ACCA's residual clause unconstitutionally vague because the clause encompassed "conduct that presents a serious potential risk of physical injury to another," which defied clear definition. *Id.* at 2557-58. In *Beckles*, the Court held that *Johnson* did not invalidate the identical residual clause of U.S.S.G. § 4B1.2 because the Guidelines are not subject to a vagueness challenge under the Due Process Clause. 137 S. Ct. at 892. Most recently, the Fourth Circuit in *Simms*, 914 F.3d at 236, and the Supreme Court in *Davis*, 139 S. Ct. at 2336, deemed the similarly worded residual clause of 18 U.S.C. § 924(c) unconstitutionally vague.

### A. *Lyons' Challenge to His Firearm Conviction*

Lyons says that the "residual clause" of § 924(c)(3) is unconstitutionally vague and that Hobbs Act robbery does not qualify as a crime of violence under the "elements clause" of § 924(c)(3). Accordingly, Lyons asserts that Hobbs Act robbery cannot constitute a crime of violence, so the Court must vacate his conviction for Count Two.

Section 924(c)(1)(A) provides for consecutive periods of imprisonment when a defendant uses or carries a firearm in furtherance of a crime of violence. The law requires a minimum prison

---

[3] The ACCA provides that

> [i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years.

18 U.S.C. § 924(e)(1).

3

term of five years, which increases to seven years if the defendant brandishes the firearm and ten years if the defendant discharges the firearm. An underlying offense constitutes a crime of violence under § 924(c)(3) if it is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [(the "elements clause")], or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [(the "residual clause")].

*Id.* § 924(c)(3). As explained below, Hobbs Act robbery constitutes a crime of violence under the elements clause.

A defendant is guilty of Hobbs Act robbery if he or she "obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery . . . or attempts or conspires so to do." *Id.* § 1951(a). The statute defines "robbery" as

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his [or her] will, **by means of actual or threatened force, or violence, or fear of injury**, immediate or future, to his [or her] person or property, or property in his [or her] custody or possession, or the person or property of a relative or member of his [or her] family or of anyone in his [or her] company at the time of the taking or obtaining.

*Id.* § 1951(b)(1) (emphasis added).

The Fourth Circuit has not reached the issue of whether Hobbs Act robbery satisfies the elements clause. Nevertheless, a defendant "who commits Hobbs Act robbery by 'fear of injury' necessarily commits it by 'fear of physical force.'" *United States v. Standberry*, 139 F. Supp. 3d 734, 738 (E.D. Va. 2015) (citation omitted). "Fear is the operative element facilitating the taking," and "any act or threatened act which engenders a fear of injury implicates force and potential violence." *Id.* at 739; *see also United States v. Castleman*, 572 U.S. 157, 174 (2014) (Scalia, J. concurring) ("[I]t is impossible to cause bodily injury without using force 'capable of' producing that result."). Put simply, common sense dictates that any "fear of injury" flows from the fear of

physical force. Accordingly, consistent with this Court's earlier decisions[4] and decisions of eight courts of appeal,[5] the Court finds that Hobbs Act robbery constitutes a categorical crime of violence under the elements clause of § 924(c)(3).

The Fourth Circuit's decision in *Simms* and the Supreme Court's decision in *Davis* do not alter this conclusion. In *Simms*, the defendant argued that Hobbs Act conspiracy did not constitute a "crime of violence" under section § 924(c)(3). 914 F.3d at 232. The Fourth Circuit agreed that, "conspiracy to commit Hobbs Act robbery—does not categorically qualify as a crime of violence under the [elements clause]" because "[s]uch an agreement does not invariably require the actual, attempted, or threatened use of physical force." *Id.* at 233-34. Thereafter, the Fourth Circuit deemed the residual clause of § 924(c)(3) void for vagueness. *Id.* at 236. Similarly, in *Davis*, the Supreme Court resolved a circuit split by deeming the residual clause of § 924(c)(3) unconstitutionally vague. 139 S. Ct. at 2325, 2336.

For the Court to uphold Lyons' § 924(c) conviction, the underlying offense must be a valid crime of violence under the elements clause. Lyons' underlying offense is Hobbs Act robbery. As explained above, unlike conspiracy to commit Hobbs Act robbery, Hobbs Act robbery is a valid crime of violence under the elements clause because it invariably requires the actual, attempted, or threatened use of physical force. Accordingly, Lyons' challenge to his § 924(c) lacks merit and will be dismissed.

---

[4] *See, e.g., United States v. Hill*, No. 3:11-cr-49, 2019 WL 2305148, at *3 (E.D. Va. May 30, 2019); *United States v. Tillery*, No. 3:10-cr-223, 2019 WL 2078777, at *3 (E.D. Va. May 10, 2019); *United States v. Carter*, No. 3:13-cr-04, 2019 WL 321407, at *10 (E.D. Va. Jan. 24, 2019).
[5] *See, e.g., United States v. St. Hubert*, 909 F.3d 335, 353 (11th Cir. 2018), *cert. denied*, 139 S. Ct. 1394 (2019); *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1066 (10th Cir.), *cert. denied*, 139 S. Ct. 494 (2018); *United States v. Hill*, 890 F.3d 51, 60 (2d Cir. 2018), *cert. denied*, 139 S. Ct. 844 (2019); *United States v. Rivera*, 847 F.3d 847, 848–49 (7th Cir. 2017); *United States v. Buck*, 847 F.3d 267, 275 (5th Cir. 2017); *United States v. Robinson*, 844 F.3d 137, 140–41 (3d Cir. 2016); *United States v. Moreno*, 665 F. App'x 678, 681 (10th Cir. 2016); *United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016); *United States v. Howard*, 650 F. App'x 466, 468 (9th Cir. 2016).

### B. *Lyons' Challenge to His Career Offender Designation*

Lyons argues that *Johnson* invalidates his designation as a career offender based on his prior convictions for unlawful wounding and felony eluding. Under the Sentencing Guidelines,

> [a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

*United States Sentencing Guidelines Manual* § 4B1.1(a) (U.S. Sentencing Comm'n 2011). At the time of Lyons' sentencing, the Guidelines defined a "crime of violence" as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another [("the elements clause"); or
> >
> > (2) is burglary of a dwelling, arson, or extortion, involves use of explosives [("the enumerated offense clause")], or *otherwise involves conduct that presents a serious potential risk of physical injury to another* [("the residual clause")].

*Id.* § 4B1.2(a) (emphasis added).

Lyons first argues that if the Court vacates his § 924(c) conviction because Hobbs Act robbery is not a crime of violence, then he will no longer be a career offender. *See id.* § 4B1.1(a)(2). This argument fails because Hobbs Act robbery constitutes a crime of violence. *See supra* Part II.A. Lyons also argues that *Johnson* invalidated the residual clause of U.S.S.G. § 4B1.2(a). The Supreme Court, however, has held that "the Guidelines are not subject to a vagueness challenge," so *Johnson*'s holding does not apply to the residual clause of § 4B1.2(a)(2). *Beckles*, 137 S. Ct. at 892.

In any event, any such challenge to Lyons' base offense level under the Guidelines is not cognizable under 28 U.S.C. § 2255. *See United States v. Foote*, 784 F.3d 931, 939-43 (4th Cir.

2015) (holding that career offender designation is not a fundamental defect that results in a complete miscarriage of justice to warrant review of a sentence); *United States v. Pregent*, 190 F.3d 279, 283-84 (4th Cir. 1999) (explaining that "[b]arring extraordinary circumstances," an error in the application of the sentencing guidelines is not cognizable in a § 2255 motion). Thus, Lyons' challenge to his career offender designation lacks merit and will be dismissed.

### III. CONCLUSION

The Court will grant the government's motions to dismiss (Dk. Nos. 44, 48) and will deny the § 2255 motion. (Dk. No. 40.) The Court will dismiss Lyons' claims and this action.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A court will not issue a COA unless a prisoner makes "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Lyons has not satisfied this standard. Accordingly, the Court will not issue a COA.

An appropriate Order will accompany this Opinion.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: 25 Jul 2019
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge

7